Justice EAKIN,
dissenting opinion.
I agree with the Commonwealth Court’s majority that documents containing MCO Rates are not “financial records” within § 102 of the RTKL, 65 P.S. § 67.102. See Dep’t of Public Welfare v. Eiseman, 85 A.3d 1117, 1127 (Pa.Cmwlth.2014) (en banc) (“Because MCO Rates are not disbursed ‘by an agency,’ [the] OOR erred in concluding MCO Rates are ‘financial records.’ ”). MCO Rates are rates set by a private company, not an agency. The private company disburses the funds— the agency does not. While the entire scheme of payment immediately suggests bureaucratic confusion and obfuscation, the plain language of the RTKL does not cover this situa *389 tion—perhaps it should, but as it currently exists, in my judgment it does not.
I would remand the matter to the OOR to decide, in the first instance, whether the MCO Rates are exempt from disclosure under § 708(b)(ll). Contra id. (“Because we conclude the MCO Rates are not ‘financial records,’ we next consider the RTKL exceptions that OOR did not fully analyze based on its adherence to Luke [ v. Dep’t of Public Welfare, 976 A.2d 609 (Pa.Cmwlth.2009) ]. Typically, we would remand to [the] OOR to serve as fact-finder.”). Thus, I respectfully dissent.